65 F.3d 188
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Earl Jason LARISCEY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Nos. 94-5003, 94-5024.
 United States Court of Appeals, Federal Circuit.
 Sept. 5, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 28, 1995.*
 
 Fed.Cl.
 Before NEWMAN and PLAGER, Circuit Judges, and COHN, District Judge**.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Earl Jason Lariscey appeals from the decision of the United States Court of Federal Claims refusing to grant him relief from judgment pursuant to the court's Rule 60(b).[1] We affirm the decision of the Court of Federal Claims.
 
 DISCUSSION
 
 2
 In 1986, while Mr. Lariscey was a prisoner at the Federal Correctional Institution at Bastrop, Texas, he worked for UNICOR and was assigned to work on the manufacture of helmets made of Kevlar. UNICOR was having difficulty cutting the Kevlar, and Mr. Lariscey, working in his cell with scrap material and using his leisure time, designed and made a device that solved that problem. As discussed in the prior decisions of this case, the device was put to use by UNICOR. Following a dispute concerning entitlement to compensation, Mr. Lariscey eventually filed suit in the United States Court of Federal Claims (then named the United States Claims Court) alleging an uncompensated taking of property and/or breach of an implied contract between himself and UNICOR. He also requested that prison authorities be enjoined from harassing him because of these events.
 
 
 3
 The Court of Federal Claims granted summary judgment for the government, holding that Mr. Lariscey had no property right in the device, since he had no patent and since there could be no trade secrets in prison; that there was no implied-in-fact contract, and alternatively that UNICOR had a shop right. Lariscey v. United States, 20 Cl.Ct. 385 (1990). A panel of the Federal Circuit reversed, Lariscey v. United States, 949 F.2d 1137 (Fed.Cir.1991), but that decision was vacated upon the court's decision to re-hear the appeal en banc. Lariscey v. United States, 962 F.2d 1047 (Fed.Cir.1992). The en banc court was equally divided between affirmance and reversal, and therefore the decision of the Court of Federal Claims was reinstated and deemed affirmed. Lariscey v. United States, 981 F.2d 1244 (Fed.Cir.1992) (en banc ). That was the final decision on the merits of the issue of compensation.
 
 
 4
 Mr. Lariscey filed a motion for relief from judgment, which the Court of Federal Claims treated as a motion pursuant to the court's Rule 60(b). Concluding that the issues raised in the motion were either already adjudicated or were outside its jurisdiction, the Court of Federal Claims denied relief. This appeal followed.
 
 
 5
 Mr. Lariscey repeats the charge that the government took his property and breached an implied contract with him. These issues were finally decided in favor of the government, and are not subject to reopening absent the presence of special circumstances as stated in Rule 60(b). Mr. Lariscey states that he was harassed and his civil rights were violated by prison officials, who subjected him to various punishments, including solitary confinement, in retaliation for his assertion of his property rights and the filing of these lawsuits.
 
 
 6
 The various papers filed by Mr. Lariscey on this appeal relate to asserted wrongdoing by prison officials in their relationship with him and with persons who supported him, as a basis for reviewing the merits of the decision. He also filed documents obtained under the Freedom of Information Act, which, he alleges, show instances of wrongdoing by UNICOR and prison officials in areas not directly related to the issues on appeal. The Court of Federal Claims did not address these issues, although similar charges were made to that court.
 
 
 7
 The Court of Federal Claims does not have authority to consider issues of tortious or criminal wrongdoing by prison and UNICOR officials. The decision of the Court of Federal Claims that there was no trade secret property right, no Fifth Amendment taking, and no express or implied-in-fact contract, exhausted the jurisdiction of the court. That decision, having been upheld by an equally divided Federal Circuit, and having been refused review by the Supreme Court, is final.
 
 
 8
 The Federal Circuit has no larger authority on appeal than did the tribunal from which the appeal is taken. Whether prison authorities converted Mr. Lariscey's property or abused the prison relationship is not within the jurisdiction of the Court of Federal Claims, and therefore is not available for review by the Federal Circuit.
 
 Motions
 
 9
 All motions have been received for filing. However, the relief requested therein must be denied.
 
 
 
 *
 Circuit Judge BRYSON and Circuit Judge SCHALL did not participate in the vote
 
 
 **
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Lariscey v. United States, No. 587-87C (Ct.Fed.Cl. Sept. 14, 1993)